**UNITED STATES**

v.

**Mike HUANG, Defendant.**

**No. 91 Cr. 827 (RPP).**

United States District Court,
S.D. New York.

Jan. 15, 1992.

Otto Obermaier, U.S. Atty., S.D.N.Y., Gil Childers, Asst. U.S. Atty., New York City, for U.S.

Sandy Hom, Hom & Hsiung, New York City, for Mike Huang.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

On January 9, 1992, this Court denied the motion by defendant Huang for an order excluding evidence pertaining to the identification of defendant Huang, basing its opinion on the affidavits of that defendant and of Special Agent Leonard W. Hatton, each of which were submitted by defendant Huang in his motion papers. On Friday, January 10, 1992, and continued on January 13 and 14, 1991, an evidentiary hearing was conducted with respect to the identification procedures relating to the other defendants, at which defendant Huang's counsel was permitted to participate. Prior to hearing any testimony, the Court permitted a line-up identification to be enacted in the Courtroom with stand-ins, supplied by defendants' counsel, as well as the defendants Choi, Chu, Park and Huang. At the line-up, the victim witness, Chen, without his glasses and without any hesitation whatsoever, identified defendant Huang and defendants Choi and Chu, but failed to identify defendant Park, even when he viewed the line-up wearing his glasses. Thereafter, during the hearings, Chen testified that he did not identify defendant Huang at the scene of the arrest, as concluded by the Court based on defendant Huang's affidavit. He did, however, testify that defendant Huang had been one of his kidnappers and had been arrested within three feet of him at the time of Chen's release from captivity. Although it appears that the Court's conclusion, in its Opinion and Order of January 9, 1992 based on defendant Huang's affidavit was incorrect in stating Huang had been identified by Chen at the time of arrest. The Court adheres to its decision in view of the arrest of the defendant in close proximity

to the victim at the time of the victim's release from captivity, and Chen's ready identification of Huang during the line-up. Accordingly, an in-Court identification by Chen will be permitted.

IT IS SO ORDERED.